IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PAUL EDWARD CRAWFORD,<br><br>Petitioner,<br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 26-79-BU-SPW<br><br>ORDER |

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state pro se prisoner Paul Edward Crawford ("Crawford"). (Doc. 1).

Crawford has filed a copy of his inmate trust fund account statement. *See*, (Doc. 2.) The document shows he may not be able to afford the costs associated with this action. Accordingly, Crawford will be permitted to proceed in forma pauperis.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See*, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. As explained below, because Crawford's petition is unexhausted, it will be dismissed without prejudice.

**Procedural History**

By way of background, the Court notes that Crawford recently filed a prior petition for habeas relief. *See, Crawford v. Attorney General*, No. 26-cv-66-BU-BMM, Pet. (filed July 6, 2026). There, Crawford challenged a revocation sentence imposed in Montana's Fifth Judicial District, Madison County. *See*, (*Id.* at 2.) Crawford explained that he received a 5-year suspended sentence in November of 2023 for Theft or Unauthorized Control Over Property in Excess of $5,000. Following a revocation hearing in December of 2025, Crawford was committed to the Montana Department of Corrections for 4 years, with none of the time suspended. (*Id.*) Crawford alleged he later learned that the value of the property involved in the underlying matter was actually $4,000, and not in excess of $5,000. (*Id.* at 3.) Accordingly, Crawford contended his revocation sentence was unlawful and excessive. (*Id.* at 6, 14-15.) Crawford advised that he had a hearing scheduled before the Montana Sentence Review Division on August 6, 2026. (*Id.*)

Judge Morris explained to Crawford that this Court could not consider any claims advanced in a federal petition unless those same claims had been exhausted

in the state court system. *See, Crawford v. Attorney General*, No. 26-cv-66-BU-BMM, Ord. at 4 (D. Mont. July 7, 2026). The exhaustion process was explained to Crawford, and the matter was dismissed without prejudice. (*Id.* at 4-5.)

In the instant matter, Crawford raises similar claims to those previously presented. He alleges: (1) his state sentence is unlawful, (Doc. 1 at 4); (2) the start date from which his revocation sentence is being calculated is incorrect, (*id.* at 6); and (3) his public defender withheld evidence. (*Id.* at 7.) Crawford asks that his state case be dismissed and removed from his record. He also requests that he be released immediately from custody with no additional supervision to follow. (*Id.* at 14.)

**Analysis**

As a preliminary matter, to the extent that Crawford believes the state courts have misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged errors in the interpretation or application of state law. *See, Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Crawford's claim that there was an error in applying state sentencing laws, is generally not cognizable in a federal habeas

action. *See, Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Crawford is advised that in order to proceed in this Court, he would need to show a state law violation occurred that was "so arbitrary and fundamentally unfair" that it violated his right to due process. *Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991); *Lewis*, 497 U.S. at 780.

Crawford explains that at his recent Sentence Review Division hearing, his attorney advised him that the issues he seeks to challenge are properly presented in postconviction proceedings. Crawford did not realize that the Sentence Review Division could not provide him with the relief he sought. (Doc. 1 at 2.) While that may be the case, it still does not relieve Crawford of the obligation to exhaust his present claims in the state courts before he may proceed in this Court. To the extent that Crawford's claims are cognizable under 28 U.S.C. § 2254, they remain unexhausted.

As Crawford was previously informed, a federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the instant filing, Crawford acknowledges that he has not presented his claims to the state courts in either a postconviction petition filed in the district court or in an original habeas proceeding before the Montana Supreme Court. *See generally*, (Doc. 1.) Because Crawford has not completely exhausted his available state court remedies, this Court cannot review the claims. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Crawford may return to this Court only if he has fully exhausted his claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Crawford has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would not find the procedural ruling debatable. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Crawford's Petition (Doc. 1) is DISMISSED without prejudice.
2. Crawford is granted leave to proceed in forma pauperis. The Clerk of Court

is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 17th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge